Clemmie T. JONES, Jr.,
Plaintiff–Appellant,

v.

**INDIANA HARBOR BELT RAILROAD COMPANY, Defendant–Appellee.**

No. 04–3539.

United States Court of Appeals,
Seventh Circuit.

Submitted March 21, 2005.*

Decided March 21, 2005.

Clemmie T. Jones, Jr., East Chicago, IN, pro se.

Harold Abrahamson, Abrahamson & Reed, Hammond, IN, for Defendant-Appellee.

Before BAUER, POSNER, and EVANS, Circuit Judges.

## ORDER

Clemmie Jones sued his former employer, Indiana Harbor Belt Railroad Company (IHB), for racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Jones alleged that his employment was terminated because he is black and not for IHB's stated reason that he was caught sleeping on the job. The district court granted IHB's motion for summary judgment, finding that Jones failed to show any evidence of discrimination. Jones appeals pro se, and we affirm.

Jones was a foreman in the Engineering Department for IHB at the time he was terminated. In June 2002, he and his crew were assigned a project replacing track, but they could not begin working until late in the morning because the track had not yet been shut down. During the down time that lasted for three and one half hours, James Majeski, one of Jones's supervisors, found Jones in his truck with his eyes closed and accused him of sleeping on

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

the job. That same day, Clyde Blackman, another of Jones's supervisors, accused him of failing to maintain a clean work site because "angle bars" and water bottles were lying on the ground, in violation of an instructional notice directing engineering employees to clean up their work sites. The following day, Jones was informed that he was being investigated for the alleged infractions. At an administrative hearing Jones was found to have committed both infractions and was terminated 13 days later.

Jones filed suit, alleging that he was terminated on the basis of race, and IHB subsequently moved for summary judgment. Jones did not respond to this motion, and more than two months later the district court granted summary judgment for IHB. The court determined that by failing to respond, Jones presented no evidence that his termination was the result of racial discrimination.

On appeal, Jones barely challenges the district court's grant of summary judgment. He asserts in conclusory fashion that the court misapprehended the case because it relied on incomplete versions of documents and transcripts (introduced into the record by IHB) and on a false statement from Majeski attesting that he saw Jones sleeping on the job.

■ Jones's argument is meritless. As the district court noted, Jones did not comply with N.D. Ind. Local Rule 56.1 when he failed to respond to IHB's motion for summary judgment. We—as did the district court—accept the defendant's factual assertions that were properly supported with record evidence. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir.2003). The record shows that Jones was fired for sleeping on the job and failing to maintain his work

area, and not on account of racial discrimination. Based on this evidence, the district court did not err in granting summary judgment to IHB.

■ Lastly, Jones now blames the absence of any response to IHB's summary judgment motion on his attorney, who no longer represents him. However, because clients are "accountable for the acts and omissions of their attorneys," *Easley v. Kirmsee,* 382 F.3d 693, 699–700 (7th Cir. 2004) (internal quotation omitted), Jones cannot now avoid the consequences of his attorney's failure to oppose IHB's motion.

AFFIRMED.